| | | |
|---|---|---|
| SAM JACKSON | * | CIVIL ACTION NO. 25-1716 |
| | * | |
| VERSUS | * | SECTION: "M"(1) |
| | * | |
| FRANK BISIGNANO, COMMISSIONER | * | JUDGE BARRY W. ASHE |
| OF SOCIAL SECURITY | * | |
| ADMINISTRATION | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

## REPORT AND RECOMMENDATION

Before the Court is the Commissioner's Motion to Dismiss (Rec. Doc. 16). Because Mr. Jackson has failed to exhaust his administrative remedies prior to filing suit, it is recommended that the Motion to Dismiss be GRANTED and the plaintiff's Complaint be dismissed without prejudice.

## Background

Plaintiff Sam Jackson is a recipient of Supplemental Security Income ("SSI"). On August 15, 2025, the Social Security Administration ("SSA") issued a notice to Mr. Jackson that his monthly payment would be reduced from $967 to $457.50 because records obtained by SSA showed that he received wages of $1,104 in July 2025. Rec. Doc. 1-2. The notice included instructions on how to appeal the decision.[1] Id. at 4.

Mr. Jackson filed the present lawsuit on August 20, 2025, challenging the decision using a form Complaint. The Commissioner of the SSA appeared and filed the present Motion to Dismiss, arguing that Mr. Jackson had failed to exhaust his administrative remedies prior to filing suit. In

---

[1] The notice explains under the "How to Appeal" heading that "You must request the appeal in writing. You can go to www.ssa.gov/non-medical/appeal to complete and submit the "Request for Reconsideration" form, SSA-561-U2 online. You may also contact us by phone to request the form or go to our website at www.ssa.gov/forms to locate the form. If you need help with the form, please call us." Rec. Doc. 1-2, at 4.

opposition, Mr. Jackson does not contest this assertion.[2] In reply, the Commissioner submits a declaration reporting that it has no record of Mr. Jackson filing a Request for Reconsideration Form.[3] Rec. Doc. 20-1.

<u>Law and Analysis</u>

1. *Standard on Motion to Dismiss*

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* <u>Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

---

[2] Mr. Jackson's opposition memorandum complains that he was removed from the social security office and the library. He complains about losing half of his benefits.

[3] It also reports that "SSA records reflect that the wages in question have since been removed from Plaintiff's record and he is presently receiving the maximum SSI amount minus a 10% withholding for a preexisting overpayment that predated the August 14, 2025 notice." Rec. Doc. 20-1.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has recognized that the court may also consider documents attached to a motion to dismiss by the defendant if they are referred to in the plaintiff's complaint and central to her claim. <u>Id.</u> at 498-99; <u>see</u> <u>Villarreal v. Wells Fargo Bank, N.A.</u>, 814 F.3d 763, 766 (5th Cir. 2016)

2. *Exhaustion of Administrative Remedies*

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). Thus,

> claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.

<u>Smith v. Berryhill</u>, 587 U.S. 471, 475–76 (2019) (citing 20 C.F.R. § 416.1400); <u>see</u> <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766 (1975) ("The term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation.")

3. *Analysis*

The Court considers the Complaint and the attachments thereto because the notice submitted by Mr. Jackson is the basis for his claim.[4] The notice is dated August 14, 2025, and includes instructions on how to appeal. Mr. Jackson filed the present lawsuit five days after the

---

[4] The Court does not consider the declaration attached to the Commissioner's Reply memorandum.

date of the notice. Although the form Complaint Mr. Jackson executed states "the plaintiff has exhausted administrative remedies," he did not attach a decision of the Appeals Council, the ALJ, or a decision on any Request for Reconsideration. Nor does he contest the Commissioner's assertion in the Motion to Dismiss that he did not file a Request for Reconsideration of the August 14, 2025, notice.

The only possible conclusion from the Complaint, its attachments, and the briefing is that Mr. Jackson has not only failed to exhaust his administrative remedies, he has not even initiated the administrative appeal process. As a result, he is not yet entitled to judicial review and his complaint should be dismissed.[5]

### RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the Motion to Dismiss (Rec. Doc. 16) filed by the Commissioner be GRANTED and that plaintiff's Complaint be dismissed without prejudice for failure to exhaust administrative remedies.

### OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[5] The Commissioner requests that the Complaint be dismissed with prejudice. But a dismissal for failure to exhaust administrative remedies is typically without prejudice. See Martin K. Eby Const. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) ("When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies."); Robert A. v. Comm'r, Soc. Sec. Admin., No. 2:24-CV-00043-BT, 2024 WL 4269676, at *3 (N.D. Tex. Sept. 23, 2024); Parker v. Astrue, No. CIV.A. 12-1942, 2013 WL 1183085, at *2 (E.D. La. Feb. 26, 2013), report and recommendation adopted, No. CIV.A. 12-1942, 2013 WL 1196624 (E.D. La. Mar. 22, 2013).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 19th day of February, 2026.

Janis van Meerveld
United States Magistrate Judge